IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| SHERRYL MAGWOOD HASELDEN, | ) | CIVIL ACTION NO. 9:12-0872-CMC-BM |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of the final decision of the Commissioner wherein she was denied disability benefits.

This case was referred to the undersigned for a report and recommendation pursuant to Local Rule

73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security

Income (SSI)[2] in September 2006, alleging disability since August 1, 2001 due to Hepatitis C,

headaches, seizures, and a learning disability. (R.pp. 101-109, 133). Plaintiff's applications were

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the Defendant in this lawsuit.

[2]Although the definition of disability is the same under both DIB and SSI; Emberlin v. Astrue, No. 06-4136, 2008 WL 565185, at * 1 n. 3 (D.S.D. Feb. 29, 2008); "[a]n applicant who cannot establish that she was disabled during the insured period for DIB may still receive SSI benefits if she can establish that she is disabled and has limited means." Sienkiewicz v. Barnhart, No. 04-1542, 2005 WL 83841, at ** 3 (7th Cir. Jan. 6, 2005). See also Splude v. Apfel, 165 F.3d 85, 87 (1st Cir. 1999)[Discussing the difference between DIB and SSI benefits].



denied initially and upon reconsideration, as well as by an Administrative Law Judge (ALJ) after a

hearing. (R.pp. 8-43). The Appeals Council denied Plaintiff's request for a review, following which

Plaintiff filed suit in this United States District Court. Haselden v. Astrue, C.A. No. 9:10-545. The

decision of the Commissioner was thereafter reversed and remanded, following which the Appeals

Council vacated the ALJ's decision and sent the case back to the ALJ for further proceedings. (R.pp.

423-432). The ALJ held a second hearing on October 8, 2011, following which he issued a decision

on January 27, 2012 again finding that Plaintiff was not disabled and denying Plaintiff's claims.

(R.pp. 362-407).

Pursuant to 20 C.F.R. § 404.984(d), Plaintiff appealed the ALJ's decision directly to

this Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and

that the decision should be reversed and remanded for further consideration, or for an outright award

of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial

evidence, and that Plaintiff was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the

Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate

conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan,

907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978);

Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence

to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial

evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular
> conclusion. It consists of more than a mere scintilla of evidence but may be
> somewhat less than a preponderance. **If there is evidence to justify refusal to direct**



**a verdict were the case before a jury, then there is "substantial evidence."**
[emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

A review of the record shows that Plaintiff, who was forty-three (43) years old on August 1, 2001 (when she alleges she became disabled), has a marginal education[3] with past relevant work experience as a dock worker, security guard, and cleaner. (R.pp. 101, 146, 199-204). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[4] of a seizure disorder, borderline intelligence, depression, and a history of substance abuse, thereby rendering her unable to perform her past relevant work, she nevertheless retained the residual functional capacity (RFC) to perform work at all exertional levels with some restrictions, and is therefore not entitled to disability benefits.

---

[3]Plaintiff testified that she thought she completed school through the ninth page. (R.p. 23).

[4]An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).



(R.pp. 367, 369, 372).

Plaintiff asserts that in reaching this decision, the ALJ erred because substantial evidence does not support the decision, because the ALJ performed a flawed listing analysis,[5] and because he performed an improper credibility analysis that did not comply with SSR 96-7(p). However, after careful review and consideration of the evidence and arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that there is substantial evidence to support the decision of the Commissioner, and that the decision should therefore be affirmed.

## I.

Plaintiff's initial "substantial evidence" argument is that "the ALJ abrogated his fact-finding duty by failing to reconcile any of the evidence of record which tended to undermine his conclusions." However, the decision reflects that the ALJ reviewed *all* of the evidence, both favorable and unfavorable to Plaintiff's claims, and reached a finding with respect to Plaintiff's RFC based on the *entire* record, a decision that is not subject to reversal by this Court as long as it is supported by substantial evidence (defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"). Laws, 868 F.2d 640. The record contains evidence which a reasoning mind would accept as sufficient to support the decision of the ALJ in this case. Hays, 907 F.2d at 1456 [It is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]; Clarke v. Bowen, 843 F.2d 271, 272-273 (8th Cir. 1988)["The substantial evidence standard presupposes . . . a zone of choice within which the decision makers can go either way

---

[5]In the Listings of Impairments, "[e]ach impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). A claimant is presumed to be disabled if their impairment meets the criteria of an impairment set forth in the Listings. See 20 C.F.R. §§ 416.925, 416.926 (2003).

4



without interference by the Courts"].

The ALJ first noted that, with respect to Plaintiff's claimed severe impairment of Hepatitis C, as well as with respect to the fact that Plaintiff suffers from diabetes, there was no evidence that Plaintiff had been prescribed medication to treat either of these conditions, that she had been followed by a physician for either of these two conditions, or that either of these conditions had imposed recurring vocationally restrictive limitations for a period of twelve continuous months. See (R.pp. 292-297). The ALJ therefore concluded that these impairments had no more than a minimal effect on Plaintiff's ability to work, and were non-severe. (R.pp. 367-368). The ALJ also carefully considered the extent of Plaintiff's mental impairment and discussed why this impairment was not disabling, including the fact that her academic deficiencies and full scale I.Q. of only 69 had not prevented her from engaging in a greater than thirty year work history as a dock worker, security guard, and housekeeper. (R.pp. 368-369, 371). The record evidence provides support for the ALJ's findings. (R.pp. 26-28, 146, 162-169, 294-297, 299, 314, 384, 392). See Foster v. Bowen, 853 F.2d 483, 489 (6th Cir. 1988) [A mental impairment diagnosis is insufficient, standing alone, to establish entitlement to benefits.].

The ALJ also discussed Plaintiff's claims of disabling seizures, noting that Plaintiff has only been hospitalized for seizures, or injuries allegedly suffered due to seizures, on two occasions, in May 2007 and September 2009, with there being no record of any treatment for seizures after that time. Nevertheless, notwithstanding this minimalist evidence, the ALJ afforded Plaintiff "the benefit of the doubt" in finding that her claim of seizures was a severe impairment, and limited Plaintiff to no work at heights or around moving machinery to account for this impairment. (R.pp. 336, 338, 351-357, 361, 370-371, 542, 546). The undersigned can discern no reversible error in the ALJ's analysis and consideration of this evidence. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th



Cir. 1986)[the mere presence of an impairment does not automatically entitle a claimant to disability benefits, there must be a showing of related functional loss].

Additionally, while Plaintiff argues that the ALJ failed to properly evaluate the combined effect of Plaintiff's multiple impairments, the ALJ in his decision clearly discussed each of Plaintiff's claimed impairments, both severe and non-severe, in reaching a conclusion that Plaintiff's impairments did not render her disabled from all work activity. The ALJ specifically found that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled a listed impairment, and that the credibility he gave to the subjective evidence was based on a careful consideration of all of the evidence. He then set forth a thorough discussion of Plaintiff's medical condition and how her medical problems affected her ability to perform gainful work activity. See generally, (R.pp. 367-373). While some of the language in the decision is no doubt boilerplate found in many ALJ decisions, it should not be expected that a new way of writing the same analysis will be contained in every opinion. Although the ALJ could have perhaps been a little clearer or used the phrase "considered in combination" a few more times, a plain reading of the decision reflects the thorough review and consideration given by the ALJ to all of the evidence and the effects of all of Plaintiff's impairments in deciding her RFC. Miller v. Astrue, No. 08-62, 2009 WL 2762350 at * * 13-14 (E.D.Mo. Aug. 28, 2009)["Where an ALJ separately discusses the claimant's impairments and complaints of pain, as well as her level of activity, it cannot be reasonably said that the ALJ failed to consider the claimant's impairments in combination"]; Martise v. Astrue, No 08-1380, 2010 WL 889826 at * 23 (E.D. Mo. Mar. 8, 2010)[ALJ sufficiently considered Plaintiff's impairments in combination by summarizing Plaintiff's medical records and separately discussing each of Plaintiff's alleged impairments]; Brown v. Astrue, No. 10-1584, 2012 WL 3716792, at * 6 (D.S.C. Aug. 28, 2012); Oliver v. Astrue, No. 08-886, 2009 WL 1766007 at *



9 (D.S.C. June 22, 2009); Browning v. Sullivan,  958 F.2d 817, 821 (8th  Cir. 1992) [ALJ properly considered whether claimant's impairments in combination were disabling by separately discussing claimant's impairments]; see also Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1999)["No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"].

        The decision reflects a careful review of the evidence by the ALJ, together with a discussion and analysis of how he reached his conclusions.  While Plaintiff understandably wanted the ALJ to find her impairments to be greater than that found in the decision, the ALJ is not required to accept only the evidence that reflects the most severe impairment possible in making his decision, and after a review of the decision and the record in this case, the undersigned does not find that the ALJ improperly considered and evaluated the overall record and evidence in this case.  Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)[court scrutinizes the record as a whole to determine whether the conclusions reached are rational]; see Hays, 907 F.2d at 1456 [it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]; Laws, 368 F.2d 640 [Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"].  Therefore, this argument is without merit. Carlson v. Shalala, 999 F.2d 180, 181 (7th Cir. 1993) [" . . . the ALJ need not evaluate in writing every piece of testimony and evidence submitted. . . .What we require is that the ALJ sufficiently articulate his assessment of the evidence to 'assure us that the ALJ considered the important evidence ... [and to enable] us to trace the path of the ALJ's reasoning.'"]; Lee v. Sullivan, 945 F.2d 687, 692 (4th Cir. 1991)[ALJ not required to include limitations or restrictions in his decision that he finds are not supported by the record]; Bowen, 482 U.S. at 146, n. 5 [Plaintiff has the burden to show that she has a disabling impairment]; Latten-Reinhardt v. Astrue, No. 11-881, 2012 WL 4051852, at * 4-5 (D.S.C. Sept. 13, 2012)[Noting



that § 405(g) mandates great deference to the ALJ, and that the requirement of a meaningful evaluation of the combined impact of a Plaintiff's impairments is met "if it is clear from the decision as a whole that the ALJ considered the combined effect of a claimant's impairments"].

## II.

Plaintiff also asserts that in reaching this decision, the ALJ erred by failing to find that Plaintiff met the criteria of Listed Impairment 12.05(C). This claim is also without merit.

Listing 12.05 deals with mental retardation, defined as "significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." The Listing further provides that the required level of severity for this disorder is met when the requirements of any of the four sets of criteria (paragraphs A-D of the Listing) are satisfied as long as the impairment also satisfies the diagnostic description (i.e., significantly sub-average general intellectual functioning with deficits in adaptive functioning). 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(a). As noted, the applicable paragraph for consideration of Plaintiff's claim is paragraph C of § 12.05:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of functioning....

The ALJ found that Plaintiff has a valid verbal, performance, or full scale IQ of 69, citing to the Consultative Examination Report of Dr. Barton Saylor. (R.pp. 295-296, 371). It is also readily apparent that Plaintiff had another impairment that imposed an additional and significant work related limitation of function, because the ALJ found that Plaintiff's severe impairments rendered her unable to perform her past relevant work, thereby meeting that requirement of § 12.05(C). (R.p. 372). See Rainey v. Heckler, 770 F.2d 408, 410-411 (4th Cir. 1985) [If a claimant

8



cannot perform his past relevant work, that fact alone establishes the "other, significant work-related limitation of function" required under § 12.05(C)].

However, as previously noted, even if Plaintiff has a valid verbal, performance, or full scale I.Q. of 60-70 as well as a physical or other mental impairment imposing an additional and significant work related limitation of functioning, as is the case here, to meet *all* of the requirements of Listing 12.05(C), she also has to have significantly sub-average general intellectual functioning with deficits in adaptive functioning.  See § 12.00(a); see also Randall v. Astrue, 570 F.3d 651, 659-660 (5th Cir. 2009); Novy v. Astrue, 497 F.3d 708, 709-710 (7th Cir. 2007); Sullivan, 493 U.S. at 530 ["For a claimant to show that his impairment matches a Listing, he must show that it meets *all* of the specified criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."].  Here, the ALJ specifically discussed whether Plaintiff had an impairment or combination of impairments that met or medically equaled the criteria of Listing 12.05(C) [as well as several other listings], and found that the evidence did not support a finding that Plaintiff's intellectual functioning caused significant limitations in her adaptive functioning.[6] (R.pp.

---

[6]The Defendant concedes that the ALJ improperly worded his finding with respect to whether or not Plaintiff met the requirements of this listing.  The ALJ states that the Paragraph C criteria of Listing 12.05 is not met in this case because the fact that Plaintiff does not exhibit deficits in adaptive functioning meant that she did not have a physical or other mental impairment imposing an additional and significant work-related limitation of function.  (R.p. 369).  The "adaptive functioning" evaluation is actually a separate criteria, as is more fully discussed hereinabove.  However, the fact that the ALJ worded his decision as he did does not require a reversal of the decision, as the ALJ's finding with respect to Listing 12.05(C) is clearly based on his conclusion that Plaintiff does not exhibit deficits in adaptive functioning that would support disability under Listing 12.05(C), a finding which is supported by substantial evidence.  Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996) ["An arguable deficiency in opinion -writing technique is not a sufficient reason for setting aside an administrative finding where...the deficiency probably had no practical effect on the outcome of the case"], quoting, Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987); Shinseki v. Sanders, 129 S.C. 1696, 1706 (2009)[Party attacking the agency's determination normally has the burden of showing that an error warrants reversal of the decision]; United States v. Wacker, 72 F.3d 1453, 1473 (10th

(continued...)



368-369).  See Norris v. Astrue, No. 07-184, 2008 WL 4911794 (E.D.N.C. Nov. 14, 2008)[Noting

that by the plain language of § 12.00, § 12.05 sets forth a two part inquiry for determining mental

retardation, with the first step requiring examination of whether a claimant has "significantly

subaverage general intellectual functioning with deficits in adaptive functioning initially manifested

during the developmental period . . . . Only if a claimant has 'significantly subaverage general

intellectual functioning with deficits in adaptive functioning' which manifested before age 22 does

the inquiry move on to whether subparts A, B, C or D are satisfied"].  The record contains substantial

evidence to support this conclusion.  Laws, 368 F.2d 640 [Substantial evidence is "evidence which

a reasoning mind would accept as sufficient to support a particular conclusion"].

Adaptive functioning is defined in the Diagnostic and Statistical Manual of Mental

Disorders (D.S.M.) as follows:

> Adaptive functioning refers to how effectively individuals cope with common life
> demands and how well they meet the standards of personal independence expected
> of someone in their particular age group, socio cultural background, and community
> setting.

DSM-IV, p. 39.

Areas to be considered when discussing adaptive functioning may include such areas as

communication, self-care, home living, social/interpersonal skills, use of community resources, self-

direction, functional academic skills, work, leisure, health, and safety.  Id.  See Wiley v. Epps, 625

F.3d 199, 216 (5th Cir. 2010).

In reaching his conclusion with respect to whether Plaintiff met the criteria for this

---

[6](...continued)
Cir. 1995)[Error is harmless unless it leaves one in grave doubt as to whether it had a substantial
influence on the outcome of the case]; Fisher, 869 F.2d at 1057 ["No principle of administrative law
or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to
believe that the remand might lead to a different result"].



Listing, the ALJ specifically found that, notwithstanding Plaintiff's mental impairment, she had a long history of regular employment, and that this employment history along with her extensive activities of daily living supported a finding that Plaintiff does not exhibit deficits in adaptative functioning that would support a finding of disability under Listing 12.05(C).  (R.p. 369). The ALJ noted that Plaintiff was able to care for her personal hygiene, cook, clean, and perform yard work; that she lives alone, attends church and visits friends; that she is able to pay bills, count change, handle a saving account, and use a checkbook; and that she reads and is even able to sew.  (R.pp. 162-169, 294-295, 310, 312-314, 368, 371-372).   See also Richardson v. Social Security Administration Commissioner, No. 10-313, 2011 WL 3273140 at * 7 (D.Me. July 29, 2011)["In recognition of the fact that an administrative record will not always allow for meaningful assessment of a claimant's adaptive functioning in childhood (other than through claimant's testimony), courts have generally allowed administrative law judges to draw inferences about childhood functioning based on evidence related to functioning in adulthood."](citing Monroe v. Astrue, 726 F.Supp.2d 1349, 1355 (N.D.Fla. 2010)["If a claimant has been able to adapt in functioning after age 22, it is permissible to find that Listing 12.05C has not been met."].  All of these findings relate to adaptive functioning criteria of common life demands, personal independence, work, home living, and social/interpersonal skills.  See D.S.M.-IV, p. 39.  See also Outlaw v. Barnhart, 197 Fed.Appx. 825, 827 at n. 1 (11th Cir. 2006)[Semi-skilled work history inconsistent with mental retardation]; Cheatum v. Astrue, 388 Fed.Appx. 574, 576 at n. 3 (8th Cir. 2010)["[E]vidence of [Plaintiff's] ability to perform gainful activity is not relevant if she otherwise meets the requirements of Listing 12.05.  It is relevant, however, to whether she has shown the deficits in adaptive functioning necessary to meet that listing"] (internal citation omitted).

While Plaintiff complains that the ALJ failed to consider the record as a whole in



making his findings, the ALJ's decision provides a comprehensive review of the record in this case, including the subjective testimony offered at the hearing. The ALJ notes that the state agency physician who reviewed Plaintiff's medical records did not find that Plaintiff met the criteria for this listed impairment, nor did Dr. Saylor (who performed a consultative examination), as well as that no medically acceptable source who had examined or treated the Plaintiff had stated an opinion that she was precluded from engaging in all work activities. (R.pp. 294-310, 371-372). The state agency physician specially found that Plaintiff was only moderately limited in her activities of daily living, maintaining social functioning, and maintaining concentration, persistence or pace, with no episodes of decompensation; that Plaintiff had no significant limitations in her ability for social interactions, other than being moderately limited in her ability to interact appropriately with the general public; that she had no significant limitations in her ability to adapt to work settings; that she was able to understand and remember short and simple instructions and was capable of performing simple tasks and performing activities within a schedule; that she could maintain regular attendance and be punctual within customary tolerances; and was capable of independent travel and adequate hygiene. (R.pp. 308, 312-313). Again, all of these findings relate to areas covered by adaptive functioning, and reflect that Plaintiff does not meet the criteria for deficits in adaptive functioning. See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) [opinion of a non-examining physicians can constitute substantial evidence to support the decision of the Commissioner]; SSR 96-6p [Agency physicians are experts in the evaluation of medical issues for purposes of disability claims]; see also Richardson v. Perales, 402 U.S. 389, 408 (1971) [assessments of examining, non-treating physicians may constitute substantial evidence in support of a finding of non-disability]; Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990) [Courts should properly focus not on a claimant's diagnosis, but on the claimant's actual functional limitations].



In sum, the ALJ's decision sets forth his reasoning for why Plaintiff did not meet the criteria for deficits in adaptive functioning under Listing 12.05(C), and the evidence and records cited by the ALJ provide substantial evidence to support his conclusions. Therefore, this claim is without merit. Sullivan, 493 U.S. at 530 ["For a claimant to show that his impairment matches a Listing, he must show that it meets *all* of the specified criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."]; Hays, 907 F.2d at 1456 [it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]; see also Gross, 785 F.2d at 1166 ["[A] psychological disorder is not necessarily disabling. There must be a showing of related functional loss"]; cf. Wiley, 2010 WL 4227405, at * 15 [Claimant has burden of showing he suffers from significant deficits in areas of adaptive functioning]; Johnson v. Barnhart, 390 F.3d 1067, 1071 (8th Cir. 2004)[Rejecting a Listing 12.05(C) claim where the claimant "did not display the significant limitations in adaptive functioning that 12.05 requires"]; Carter v. Astrue, No. 08-37, 2009 WL 2750987 at * 2 (M.D.Ga. Aug. 26, 2009).

### III.

Finally, Plaintiff asserts that the ALJ failed to properly evaluate the subjective testimony offered at the hearing as to the extent of her pain and limitations. Plaintiff and a cousin testified as to the extent of her impairments, and after careful consideration of the evidence, the ALJ determined that, while Plaintiff's medically determinable impairments could reasonably be expected to cause some of the symptoms alleged, her claims concerning the intensity, persistence and limiting effects of these symptoms was not fully credible to the extent they were inconsistent with the RFC found by the ALJ. (R.p. 370). The undersigned does not find that the ALJ conducted an improper credibility analysis in making this finding, or that his decision otherwise reflects a failure to properly consider the subjective testimony and evidence in this case. Frustaglia v. Sec'y of Health and Human



<u>Servs.</u>, 829 F.2d 192, 195 (1st Cir. 1987)[ALJ is entitled to observe the Plaintiff, evaluate his demeanor, and consider how the Plaintiff's testimony fits with the rest of the evidence]; <u>Greger v. Barnhart</u>, 464 F.3d 968, 972 (9th Cir. 2006)[Noting that ALJ could properly consider the fact that lay witnesses had a close relationship with the claimant and were possibly influenced by a desire to help the claimant].

        In addition to the contrary medical evidence; discussed, <u>supra</u>; the ALJ noted inconsistencies in Plaintiff's own testimony, such as her statement to Dr. Saylor in November 2006 that she had not used drugs in one year, even though she had been hospitalized only six months earlier for drug abuse.  (R.p. 371).  The ALJ also noted discrepancies in statements made by the Plaintiff concerning her own functional capacity.  (R.pp. 162-169, 294-295, 310, 312-314, 368, 370-372, 385-388).  <u>See</u> <u>Hunter v. Sullivan</u>, 993 F.2d 31, 35 (4th Cir. 1993)[ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints]; <u>see also</u> <u>Mickles v. Shalala</u>, 29 F.3d 918, 925-926 (4th Cir. 1994) [In assessing the credibility of the severity of reported subjective complaints, consideration must be given to the entire record, including the objective and subjective evidence]; <u>Ables v. Astrue</u>, No. 10-3203, 2012 WL 967355 at * 11 (D.S.C. Mar. 21, 2012)["Factors in evaluating the claimant's statements include consistency in the claimant's statements, medical evidence, medical treatment history, and the adjudicator's observations of the claimant.", citing to SSR 96-7 p.]**.**

        When objective evidence conflicts with a claimant's subjective statements, an ALJ is allowed to give the statements less weight; <u>see</u> SSR 96-7p, 1996 WL 374186, at * 1 (1996); and after a review of the record and evidence in this case, the Court can find no reversible error in the ALJ's treatment of the subjective testimony as to the extent of Plaintiff's pain and limitation.  <u>Jolley</u>



v. Weinberger, 537 F.2d at 1181 [finding that the objective medical evidence, as opposed to the claimant's subjective complaints, supported an inference that he was not disabled]; cf. Brewer v. Astrue, No. 11-81, 2012 WL 262632 at * 10 (N.D.Ohio Jan. 30, 2012)[Finding "no error where the testimony of a claimant's sibling 'did not constitute a separate line of evidence' [but] [r]ather, it served strictly to reiterate, and thereby corroborate, [the claimant's] own testimony concerning his activities and limitations."] (quoting Books v. Chater, 91 F.3d 972, 980 (7th Cir. 1996)).  This argument is therefore without merit.  Hays, 907 F.2d at 1456 [it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]; Patterson v. Astrue, No. 08-1065, 2009 WL 1586941 at * 7 (D.S.C. June 4, 2009)["When objective evidence conflicts with a claimant's subjective statements, an ALJ is allowed to give the statements less weight.  SSR 96-7p, 1996 WL 374186 at * 1 (1996)."]; see also SSR 06-3p, 2006 WL 2329939 (Aug. 9, 2006) [It is appropriate to consider such factors as the nature and extent of the relationship between lay witnesses and the claimant in evaluating such evidence]; Vanportfiliet v. Commissioner of Social Security, No. 10-578, 2012 WL 1345315 (W.D.Mich. Mar. 26, 2012)[Discussing permissive nature, rather than mandatory, of relevant section of SSR 06-3], adopted by, 2012 WL 1345305 (W.D.Mich. Apr. 18, 2012); Laddy v. Astrue, No. 11-293, 2012 WL 776551 (N.D.Ohio Feb. 2, 2012), adopted by, 2012 WL 777137 (N.D.Ohio Mar. 8, 2012).

### Conclusion

Substantial evidence is defined as " ... evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).  As previously noted, if the record contains substantial evidence to support the decision (i.e., if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision.  Blalock,

15



483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period.  Therefore, it is recommended that the decision of the Commissioner be **affirmed**.

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 8, 2013
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

